UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD WILLIAMS                                               Index No.: 20 CV 2560 (KAM)(PK)

                                    Plaintiff,                    **SECOND AMENDED COMPLAINT**

    *-against-*

                                                       Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER ROBERT O'BRIEN and
DETECTIVE MATTHEW VAHEY,

                                      Defendants.
------------------------------------------------------------X

        Plaintiff, RICHARD WILLIAMS, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER ROBERT O'BRIEN ("O'BRIEN") and DETECTIVE MATTHEW VAHEY ("VAHEY"), upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

        1.      This is a civil rights action in which the plaintiff, RICHARD WILLIAMS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, NY.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendants POLICE OFFICER ROBERT O'BRIEN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant O'BRIEN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New

York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendants DETECTIVE MATTHEW VAHEY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant VAHEY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. At approximately six in the morning on or about September 18, 2018, plaintiff was lawfully present inside of his home when police arrived to execute a search warrant.

10. Upon information and belief, the target of the search warrant was another person living in the home.

11. The home is a single-family residence located at 597 Lexington Avenue in Brooklyn.

12. Plaintiff was asleep when police arrived and was not immediately aware what was going on.

13. Plaintiff started to get out of bed when he heard a commotion and loud voices in the hallway.

14. As plaintiff stood in front of his bedroom door looking for his clothes, the door suddenly swung open.

15. Plaintiff looked up and saw defendant DETECTIVE MATTHEW VAHEY, dressed in SWAT gear and holding what appeared to be a battering ram.

16. Defendant VAHEY then raised the object and struck plaintiff about the forehead, knocking him to the ground and causing a gash above his left eye.

17. The officer then handcuffed plaintiff and placed him under arrest.

18. Plaintiff was taken into police custody and transferred to the 81st Precinct, where he was placed in a cell.

19. Plaintiff remained in that cell for hours before being transferred to central booking in Brooklyn, where he was placed in another cell.

20. Plaintiff remained in a cell at central booking for an extended period before being brought before the Court and charged with possessing an illegal imitation pistol.

21. In the criminal court complaint, defendant POLICE OFFICER O'BRIEN falsely claimed that he found the imitation pistol in plaintiff's bedroom, when in fact it was discovered in a different part of the house and was never in the bedroom where plaintiff resides.

22. Plaintiff was released on his own recognizance and all charges were eventually dismissed.

23. At no time during the events described above did plaintiff commit any act to which force would be a reasonable response.

24. At no time during the events described above did plaintiff commit any act for which he could be arrested.

25. At no time during the events described above did defendants have a reasonable justification to use force against plaintiff.

26. At no time during the events described above did defendants have probable cause to arrest plaintiff or to charge him with any crime.

27. As a result of the illegal actions of the defendants, plaintiff did suffer through a period of false imprisonment in addition to pain, injury, emotional distress, mental anguish, and public humiliation.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against Defendant DETECTIVE MATTHEW VAHEY in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

28. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

29. At all times during the events described above defendant DETECTIVE MATTHEW VAHEY lacked probable cause to use force against plaintiff.

30. All of the aforementioned acts of defendant VAHEY were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force.

32. The acts complained of were carried out by defendant VAHEY in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

33. As a result of defendant VAHEY's illegal misuse of force plaintiff did suffer damages, including but not limited to pain, injury, permanent disfigurement, emotional distress, mental anguish and public humiliation.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against POLICE OFFICER ROBERT O'BRIEN in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. At all times during the events described above defendant POLICE OFFICER ROBERT O'BRIEN lacked probable cause to arrest plaintiff.

36. All of the aforementioned acts of defendant P.O. O'BRIEN were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by P.O. O'BRIEN in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

39. The acts complained of resulted in plaintiff suffering a period of false imprisonment lasting approximately 24 hours and in plaintiff having to defend against baseless charges.

40. The acts complained of deprived plaintiff of his right to be free from false arrest and unjust imprisonment.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

41.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendant officer was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

43.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to use excessive force and for another arrest a citizen without probable cause, all in flagrant violation of their sworn oath to uphold the Constitution.

44.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power and the use of excessive force as described in this Complaint.

45.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

46.      The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 17, 2021
      Brooklyn, NY            By:         */s/Alexis G. Padilla*
                                             Alexis G. Padilla, Esq. [AP8285]
                                             *Attorney for Plaintiff*
                                             *Richard Williams*
                                             378 Lewis Avenue#6
                                             Brooklyn, NY 11233
                                             (917) 238-2993
                                             alexpadilla722@gmail.com