```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
----------------------------------------X

Richard Williams,

                *Plaintiff*,

   -against-

Detective Matthew Vahey,

                *Defendant*.

----------------------------------------X

**ORDER**

20-CV-2560(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

     Presently before the Court is Defendant's motion *in limine*. (*See* ECF No. 60.) The Court notes that the motion is untimely; it was submitted one business day before trial, despite the December 5, 2022 deadline for pre-trial motions. (*See* ECF Nos. 47, 60.) Notwithstanding Defendant's tardy motion, for the reasons set forth below, Defendant's motion is **DENIED**.

     First, Defendant's request to show Exhibit A to the jury during his opening statement is DENIED. Under Federal Rule of Evidence 901, a party must authenticate an item of evidence before it may be properly admitted. Defendant cannot properly authenticate and introduce the proposed exhibit during his opening statement. Further, showing the jury an exhibit during an opening statement is likely to unnecessarily confuse the jury, especially when that exhibit must later be introduced, authenticated, and

1

admitted. *See* Fed. R. Evid. 403, 901. Defendant may, however, refer to or discuss the proposed exhibit during his opening statement, and the Court's ruling does not preclude Defendant from properly introducing and admitting the proposed exhibit during rebuttal. Furthermore, Defendant may show the exhibit, if admitted, to the jury during summation.

Defendant's request to preclude Plaintiff from testifying as to Plaintiff's prior military service is DENIED without prejudice as moot. Plaintiff's counsel has submitted a letter notifying the Court that he will not question Plaintiff as to Plaintiff's military service. (ECF No. 64.)

Defendant's request to introduce evidence regarding Plaintiff's 1982 conviction for impeachment purposes is DENIED. Under Federal Rule of Evidence 609(b), evidence of a witness's felony conviction is not allowed for purposes of impeachment, if more than 10 years has passed since the conviction or release from confinement, unless 1) its probative value "substantially outweighs" its prejudicial effect or 2) "reasonable written notice" was provided by the party seeking to introduce the evidence. Assuming without finding that more than 10 years has passed since Plaintiff was released from confinement, the probative value of his 1982 conviction does not substantially outweigh its prejudicial effect. The nature of the offense would be highly prejudicial, and the offense does not implicate a

tendency towards falsehoods (e.g. perjury or embezzlement) or directly inform Plaintiff's credibility as a witness, particularly given that the conviction took place over forty years ago. Further, by submitting the request on the business day before trial, Defendant did not provide Plaintiff with reasonable notice. (*See* ECF Nos. 47, 60.)

Accordingly, Defendant's motion *in limine* is DENIED.

**SO ORDERED**

Dated:   January 8, 2023
         Brooklyn, New York

*Kiyo A. Matsumoto*
_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York